## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TIFFANY BRADFORD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-13-120-RAW** |
| | ) | |
| **MICHAEL BURNETT, an individual, and** | ) | |
| **CITY OF SEMINOLE, OKLAHOMA.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the court is the motion of the defendant City of Seminole for summary judgment. Plaintiff filed her complaint pursuant to 42 U.S.C. §1983 in this court on March 25, 2013, alleging that Burnett (a Seminole police lieutenant) used excessive force when he deployed his taser (an electric shocking device) against her and that the City of Seminole's "policymakers ratified and approved" his misconduct.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." Rule 56(a) F.R.Cv.P. In making that determination, a court "view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party." *Salazar v. City of Commerce City,* 2013 WL 5303257 (10th Cir.2013).

Contemporaneously, the court has denied the motion for summary judgment of defendant Burnett. Plaintiff faces a separate burden as to the present motion. A municipality may not be held liable under §1983 solely because its employees inflicted injury on the

plaintiff. *Bryson v. City of Oklahoma City,* 627 F.3d 784, 788 (10th Cir.2010). Rather, a plaintiff must show (1) the existence of a municipal policy or custom, and (2) that there is a direct causal link between the policy or custom and the injury alleged. The court in *Bryson* lists five examples of such policy or custom. *Id.* The fourth listed is ratification; this is mentioned in plaintiff's complaint, but she does not rely on that basis in her response to the present motion.

Instead, plaintiff asserts municipal liability based upon "deliberate indifference." This is a recognized basis in the context of an alleged failure to adequately train and supervise employees (as *Bryson* mentions), but plaintiff does not make this argument either. Rather, plaintiff asserts deliberate indifference in the City's reinstatement of Burnett after he had been terminated by the City in response to citizen complaints. One of the complaints evidently involved Burnett's use of pepper spray in an incident roughly similar to the present case.

As to a policymaker's hiring decision, the Supreme Court has stated:

> A plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision. Only where adequate scrutiny of an applicant's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right can the official's failure to adequately scrutinize the applicant's background constitute "deliberate indifference."

*Bd. of County Com'rs v. Brown,* 520 U.S. 397, 411 (1997).

Here, the City had terminated Burnett but were ordered to reinstate him by the arbitrator after Burnett filed a grievance. (*See* Exhibit G to City's motion). Plaintiff asserts that "the mere fact that arbitration forced the City to rehire Burnett does not vitiate its liability. The City's hands were not tied – while arbitration compelled the City to rehire Burnett, it certainly did not compel the City to put him back on the street to deal with the very citizens that it had fired him for brutalizing." (Plaintiff's Brief in Opposition at 9). Plaintiff cites no authority for this argument.

In response, the City states "it is undisputed that the arbitration order was binding and that it required the City to not merely 'rehire' Burnett, but 'reinstate' him." (Defendant's Reply at 2). Defendant City also cites no case dealing with a situation such as this. The court likewise has found none. Under the present state of the record, the motion will be denied. "Whether a local government has displayed a policy of deliberate indifference to the constitutional rights of its citizens is generally a jury question." *Gibson v. County of Washoe,* 290 F.3d 1175, 1194-95 (9th Cir.2002).

Viewing the record in the light most favorable to plaintiff, while the City was ordered to reinstate Burnett, arguably some prophylactic measures regarding his service could have accompanied the reinstatement. This is a matter for plaintiff to seek to prove. The court emphasizes that the plaintiff's case against the City will be limited to this aspect. Failure to train and ratification have been abandoned as bases for liability.

3

It is the order of the court that the motion for summary judgment of defendant City of Seminole (#29) is hereby denied.

**ORDERED THIS 30th DAY OF DECEMBER, 2013.**


**Dated this 30th day of December, 2013.**


Ronald A. White
United States District Judge
Eastern District of Oklahoma